**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

NABIJON N.,

Petitioner,

v.

ERIC TOLLEFSON, *Sheriff, Kandiyohi County Sheriff's Office*; MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; DAVID EASTERWOOD, *Acting Field Office Director, St. Paul ERO, U.S. Immigration and Customs Enforcement*; and TODD BLANCHE, *Attorney General of the United States*,

Respondents.

Case No. 26-cv-3977 (LMP/LIB)

**ORDER DENYING HABEAS PETITION**

---

Sherene Mostaghimi, **Gam Law, Saint Paul, MN**, for Petitioner.

Carl Berry, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

Petitioner Nabijon N.[2] brings a petition for a writ of habeas corpus, challenging the legality of his arrest and detention. ECF No. 1. For the following reasons, the petition is denied.

---

[1] When used in this Order, "Respondents" or "Government" refer to the federal officials and entities named as Respondents. Respondent Eric Tollefson, the Kandiyohi County Sheriff, has not participated in these proceedings.

[2] The Court uses the Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initial of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

## BACKGROUND

This is Nabijon's second habeas petition before this Court. *See Nabijon N. v. Mullin*, No. 26-cv-2469 (LMP/LIB), 2026 WL 1759442, at *1 (D. Minn. June 18, 2026), *vacated and superseded*, No. 26-cv-2469 (LMP/LIB), 2026 WL 2056310 (D. Minn. July 16, 2026). While the Court assumes familiarity with that case and Nabijon's background, a brief outline is necessary to understand Nabijon's current petition.

Nabijon is a native and citizen of Tajikistan who has been living in the United States since 2023. *Nabijon*, 2026 WL 1759442, at *1. He was first encountered by Customs and Border Patrol agents near the Mexico-United States border but was released because of a lack of bed space. *Id.* Nabijon was later arrested by Minnesota police officers in 2024 and charged with Fifth-Degree Criminal Sexual Conduct (Nonconsensual Sexual Contact) in violation of Minnesota Statutes Section 609.3451.1a(1). *Id.* Nabijon was released on a $6,000 bond. *Id.*; ECF No. 1 ¶ 13.

On November 21, 2025, an Immigrations and Customs Enforcement ("ICE") officer issued a Form 1-200 warrant for Nabijon's arrest. ECF No. 7 ¶ 7; ECF No. 7-4. That warrant went unexecuted until April 16, 2026, when ICE officers encountered Nabijon near his home and arrested him. *Nabijon*, 2026 WL 1759442, at *1. At that time, the Government pointed to its authority under 8 U.S.C. § 1225(b)(2)(A) to detain Nabijon while removal proceedings moved forward. *Id.*

Nabijon brought his first habeas petition on May 4, 2026, challenging his mandatory detention under Section 1225(b) and arguing various claims, including that his continued detention without a bond hearing violated his due process rights. *Id.* On June 18, 2026,

the Court granted Nabijon's habeas petition in part and ordered the Government to provide Nabijon a bond hearing. *Id.* at *6.

As it turned out, Nabijon had already been transferred out of ICE's custody and into Hennepin County's custody under a writ of habeas corpus ad prosequendum on June 5, 2026, so that he could stand trial on his still-pending sexual conduct charge. *Nabijon*, 2026 WL 2056310, at *1; ECF No. 7-6. The Government informed the Court of Nabijon's transfer after the Court granted Nabijon's petition. *Nabijon*, 2026 WL 2056310, at *1. So the Government argued that the Court's Order could not be carried out because the Government could not provide Nabijon a bond hearing until Nabijon returned to its custody. *Id.* The Court ultimately agreed, vacated the order, and dismissed the petition. *Id.* at *2.

Nabijon then stood trial and was convicted by a jury. ECF No. 7 ¶ 10; ECF No. 7-3; *see also State v. [Nabijon],* No. 27-cr-24-18065, Index #61 at 1 (Minn. Dist. Ct. Aug. 10, 2026).[3] The state court sentenced Nabijon to 364 days imprisonment, to be stayed for two years during supervised probation. ECF No. 7-3. On August 11, 2026, Minnesota transferred Nabijon back into ICE custody. ECF No. 7 ¶ 11.

On September 11, 2026, Nabijon brought this new habeas petition. ECF No. 1. Nabijon alleges three claims: (1) that he was arrested without a warrant and his warrantless arrest was unlawful; (2) that the Government failed to follow certain post-arrest procedures

---

[3] The Court may take judicial notice of public court records. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

required by 8 C.F.R. § 287.3 and improperly subjected him to mandatory detention under 8 U.S.C. § 1225; and (3) that the Government failed to comply with regulations requiring ICE to provide certain post-arrest information in a language he understands. *Id.* ¶¶ 25–45. The Court ordered the Government to answer the petition by September 21, 2026, and for Nabijon to reply by September 28, 2026. ECF No. 5. Both timely provided that briefing. ECF Nos. 6, 8.

## ANALYSIS

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). The protections of habeas corpus extend to those in immigration detention. *See INS v. St. Cyr*, 533 U.S. 289, 305–06 (2001).

### I. Warrantless Arrest

Nabijon first contends that his arrest was executed unlawfully without a warrant. ECF No. 1 ¶¶ 25–30. "As a general rule, it is not a crime for a removable [noncitizen] to remain present in the United States," so police may not arrest "someone based on nothing more than possible removability." *Arizona v. United States*, 567 U.S. 387, 407 (2012). Instead, the "federal statutory structure instructs when it is appropriate to arrest a [noncitizen] during the removal process." *Id.* Relevant here, 8 U.S.C. § 1226(a) allows the Attorney General to "exercise discretion to issue a warrant for a [noncitizen]'s arrest and detention." *Id.* But if "no federal warrant has been issued, [ICE] officers have more

limited authority," *id.* at 408, and ICE may arrest a noncitizen only when an officer has "reason to believe" (1) that a noncitizen is in violation of the immigration laws; and (2) "is likely to escape before a warrant can be obtained for his arrest," 8 U.S.C. § 1357(a)(2).

Here, ICE obtained an I-200 warrant for Nabijon's arrest on November 21, 2025. ECF No. 7 ¶ 7; ECF No. 7-4. Nabijon acknowledges as much. ECF No. 8 at 6. In fact, Nabijon attached the warrant as an exhibit to his petition. ECF No. 1-1 at 7. But Nabijon argues that the November 21, 2025 warrant cannot be used to justify his April 16, 2026 arrest, contending that an "administrative warrant sitting unexecuted in a government file for five months does not retroactively transform a warrantless street arrest into a lawful warrant execution." ECF No. 8 at 6. Nabijon provides no authority for his argument, and the Court has explained that an administrative warrant remains valid until it is "executed." *See Pao M. v. Blanche*, No. 26-cv-3399 (LMP/DJF), 2026 WL 2454331, at *2–3 (D. Minn. Aug. 21, 2026). An I-200 warrant is not "executed" until an arrest is made, and issuance of Nabijon's warrant therefore justified his arrest. *See* 8 C.F.R. § 236.1(b)(1) (providing that "[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200").

## II. Post-Arrest Procedures

Nabijon next claims that the Government did not comply with the post-arrest procedures mandated by 8 C.F.R. § 287.3. ECF No. 1 ¶¶ 31–33; ECF No. 8 at 5. This is not the case. Section 287.3 provides certain procedural protections to noncitizens "arrested without warrant." 8 C.F.R. § 287.3(d). The regulation does not apply to noncitizens

arrested *with* a warrant. As this Court has held, *see Nabijon*, 2026 WL 1759442, at *5, Nabijon was arrested with a warrant, so Nabijon was not entitled to any other procedures.

**III. Detention Under 1226(c)**

The bulk of Nabijon's arguments, both in his petition and in his reply, center around his claim that the Government cannot lawfully detain him under Section 1226(c) but must detain him under Section 1226(a). ECF No. 1 ¶¶ 34–37.

The Court will first discuss Section 1226(c)'s application. Section 1226(c) is a mandatory detention provision, which states that the "Attorney General shall take into custody any [noncitizen] who . . . is inadmissible by reason of having committed any offense covered in section 1182(a)(2)." 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2), in turn, makes inadmissible any noncitizen "convicted of" a "crime involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A)(i)(I). Such a crime involves "reprehensible conduct and a culpable mental state." *Bakor v. Barr*, 958 F.3d 732, 735 (8th Cir. 2020). A noncitizen properly classified for detention under Section 1226(c) is not entitled to a bond hearing. *See Banyee v. Garland*, 115 F.4th 928, 931–34 (8th Cir. 2024); *Jesus Alejandro G. A. v. Blanche*, No. 26-cv-1932 (LMP/ECW), 2026 WL 1383138, at *7 (D. Minn. May 18, 2026) (holding that "any due process concerns regarding mandatory detention without a bond hearing . . . were mitigated because those noncitizens, as part of securing their criminal convictions, would have received the 'full procedural protections our criminal justice system offers'" (quoting *Demore v. Kim*, 538 U.S. 510, 513 (2003)).

Section 1226(c) applies here. Indeed, the Eighth Circuit has concluded that a violation of Minn. Stat. § 609.3451, subd. 1a(1)—Nabijon's very conviction—*is* a crime

of moral turpitude. *See Bakor*, 958 F.3d at 736.[4] As the Eighth Circuit reasoned, "nonconsensual sexual contact" is "turpitudinous" because Minnesota's statute requires "sexual or aggressive intent." *Id.* ("Unlike some simple assault offenses, the Minnesota sexual conduct statute is not a general intent crime, and it does not sweep in *de minimis* conduct."). So, under binding precedent, Nabijon is subject to mandatory detention under Section 1226(c).[5]

That fact requires the rejection of the remainder of Nabijon's arguments. First, Nabijon argues that the Government "improperly classified" him as subject to mandatory detention under Section 1225(b)(2)(A) as an "applicant for admission" when he was originally arrested. ECF No. 1 ¶¶ 34–35. Yet *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), calls for such a conclusion. Even if the Government originally classified Nabijon

---

[4] Technically, the *Bakor* court found an earlier version of the statute to be a crime involving moral turpitude. *Id.* Under that version, Minnesota's nonconsensual sexual contact offense was located under Minnesota Statutes Section 609.3451, subd. 1. Minn. Stat. § 609.3451, subd. 1 (2001). That statute was amended in 2019, which relocated the nonconsensual sexual contact offense under Minnesota Statutes Section 609.3451, subd. 1(a). *See* 2021 Minn. Sess. Law Serv. 1st Sp. Sess. Ch. 11 (H.F. 63).

[5] Nabijon does not meaningfully engage with *Bakor*. If anything, Nabijon completely misreads *Bakor*. Nabijon asserts that *Bakor* "evaluated a different statute," referring to Minnesota's Fourth-Degree Criminal Sexual Conduct statute. ECF No. 8 at 7. That's not true. *See Bakor*, 958 F.3d at 736 (noting that the noncitizen was convicted of Criminal Sexual Conduct in the Fifth Degree).

Nabijon also cites *Bakor* for the proposition that "simple assault or battery-type offenses involving nonconsensual touching do not categorically constitute [a Crime Involving Moral Turpitude]." ECF No. 8 at 7. Yet *Bakor*, while acknowledging that general rule, went on to hold that Minnesota's nonconsensual sexual contact crime is *not* simple assault or battery. That's because it requires "the intentional touching by the actor" with "sexual or aggressive intent." *Bakor*, 958 F.3d at 736.

under Section 1225(b)(2)(A) for mandatory detention, and even if that was incorrect, Nabijon's August 2026 conviction makes him now subject to mandatory detention under Section 1226(c).

Second, Nabijon contends that the Government presents a "contradictory array of detention justifications," by pointing to Section 1225(b), Section 1226(a), and Section 1226(c). ECF No. 8 at 2. Nabijon objects to this "attempt to hold [him] under multiple alternative statutory regimes" in a way that is "legally impermissible." *Id.* Nabijon instead argues that his custody "must be governed by one—and one only—statutory regime." *Id.* at 3. The problem for Nabijon is that his custody is, at this point, governed by only one statutory regime: Section 1226(c). That the Government made arguments in the alternative is not material. In deciding this habeas petition, the Court is tasked with determining whether the Government has a lawful basis for Nabijon's detention. It does.

Third, Nabijon argues that the Government has conceded that he is detained under Section 1226(a). ECF No. 8 at 3–4. Nabijon's theory is that the Government invoked 8 U.S.C. § 1226(a) when it issued his warrant because an I-200 warrant derives from authority granted by Section 1226(a). *Id.* But, again, even if Nabijon was originally arrested under Section 1226(a), circumstances have changed. Nabijon provides no authority for his argument that a noncitizen originally arrested under Section 1226(a) (and therefore eligible for a bond hearing) cannot thereafter become subject to mandatory detention under Section 1226(c).

Finally, Nabijon argues that the Government's reliance on Section 1225(b) or Section 1226(c) to justify his mandatory detention without bond ignores "the law of this

case." ECF No. 8 at 4. Nabijon's theory is that because the Court granted his earlier petition, holding that mandatory detention under Section 1225(b) violated his due process rights, the Court must hold again now. Nabijon does not engage with the changed circumstances. Nabijon is now subject to mandatory detention under Section 1226(c). And *Banyee* forecloses any argument that mandatory detention under Section 1226(c) is constitutionally impermissible. *See Banyee*, 115 F.4th at 931–34; *see also Jesus Alejandro G. A.*, 2026 WL 1383138, at *7.

## IV. Language Requirement

Finally, Nabijon claimed in his petition that ICE did not advise him of certain information in Russian or Farsi, supposedly in violation of 8 C.F.R. §§ 287.8(c)(2)(v), 287.3(c). Nabijon did not address the issue in his reply. *See generally* ECF No. 8. Even so, the claim is meritless.

Section 287.8(c)(2)(v) states that with "respect to a person arrested and charged with a criminal violation . . . the arresting officer shall advise the person of the appropriate rights as required by law . . . . It is the duty of the immigration officer to assure that the warnings are given in a language the subject understands." Setting aside that Nabijon was not arrested by ICE for a criminal violation, which would trigger Section 287.8(c), Nabijon did not allege that he does not understand English. Instead, in his petition, Nabijon states only that Farsi and Russian are the "languages [he] best understands." ECF No. 1 ¶ 42. And rather than plead that he could not understand the conversations, Nabijon faults the Government's lack of documentation that he understood the conversations. *Id.* ¶¶ 42–45. But it is Nabijon's burden to demonstrate entitlement to habeas relief, and he must do more

than offer hypotheticals. *See Jose J. O. E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025) ("The burden is on the petitioner to prove illegal detention by a preponderance of the evidence."); *cf. Berchie v. Bondi*, No. 25-cv-3197 (KMM/SGE), 2025 WL 4943114, at *2 (D. Minn. Nov. 4, 2025).

**CONCLUSION**

For these reasons, and based on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Nabijon N.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **DENIED**.

2. This matter is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: November 4, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge